# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| TYREE SMITH, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | CASE NO. 3:13-1444 |
| vs. | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| C/O J. CHAMPACO, et al., | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

For the reasons that follow, the undersigned recommends that the claims of Plaintiff Tyree Smith against Defendants be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and 41(b).

On July 11, 2014, the undersigned entered an Order noting in part that it did not appear that any of the six Defendants had ever been served with a Summons and Complaint (Docket 121), even though the Complaint in this action was filed on December 23, 2013 (Docket No. 1).

Fed. R. Civ. P. 4(m) provides in relevant part:

> **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The docket reflects that, on December 26, 2013, Summonses were issued to all six Defendants and were "mailed back to pltf for service." Docket No. 2. The July 11 Order further

noted that Plaintiff Tyree Smith had written at least three letters to the Court apparently addressing the service issue.[1] The undersigned's Order quoted from a letter Plaintiff had written on May 19, 2014, which stated in relevant part:

> On 5.12.14, approximately. 8:36 a.m., I Mr. Tyree C. Smith, by telephone, spoke with my case manager ("Ms. Hannah") at the middle federal district court in Nashville, Tennessee.
>
> Ms. Hannah, stated to me that **I myself** needed to find out the defendant's (regarding to my "proposed" civil claim) current home or job address so that I could summon (by mail) each of the defendants.
>
> **However, allegedly, I didn't have any knowledge (up until then) that I myself was to submit copies of summon to the defendants.**
>
> So therefore your honor, I will like to file this written motion for extension of time so that I could **("somehow")** discover the current home or job address of each of the defendants?
>
> Please respond back at your earliest convenience.

Docket No. 114, p. 1 (emphasis in original).

Because of Plaintiff's difficulty in finding addresses for some Defendants, the Court extended the 120 day time limit set forth in Rule 4(m). The Order further stated:

> The Clerk is directed to send Plaintiff Smith six blank Summonses. Plaintiff shall complete the Summonses and return them to the Clerk's office within twenty (20) days of the date of entry of the instant Order. The Clerk will issue the Summonses, if appropriate, and return them to Plaintiff for service. Plaintiff may then have an

---

[1] The July 11 Order also stated:

> The Court typically does not act upon or respond to letters, nor does it consider "requests" made in letters. Fed. R. Civ. P. 7(b) provides in relevant part, "A request for a court order must be made by motions." Docket No. 121, p. 2 n.1.

additional period of time to and including September 15, 2014, in
which to serve the Summonses and Complaint upon Defendants.

If Plaintiff fails to comply with the deadlines set forth above, the
undersigned will recommend that this action be dismissed in its
entirety.

Docket No. 121, p. 3-4.

A docket entry dated July 18, 2014, states "Additional summons forms sent to pro se pltf Tyree Smith on this date per request."

Apparently in response to the July 11 Order, Plaintiff Smith wrote a letter to the undersigned dated July 28, 2014.[2] Docket No. 140. That letter essentially stated that Plaintiff had located three addresses each for "Jesse Champaco" and "Frederick Estes." He stated in part:

> So I therefore your honor, printed all 3 locations (of each of those
> 2 particular defendants) on the front of the summons form in a
> single file line printed straight across.
>
> However though, at this particular point your honor, *I will like to
> request for each three addresses/locations that's printed on the
> front of the summons form, to be served by a sheriff* at those 3
> exact same addresses/locations that's printed on the front of the
> summons forms above that I'm speaking of.
> . . .
>
> Along with this written letter is developed copies of the summons
> forms that I'm now submitting to the clerk's office altogetherly for
> further process.
> . . .
>
> However though, regarding the rest of the defendants ("C/O M.
> Spencer, C/O T. Perkins, C/O S. Morris and Sgt. Julia Campbell")
> of my civil case, I was very unfortunate to track down any location
> of those 4 particular defendants (from website Intelius Premier)
> where the rest of the defendants could be located at for the services

---

[2] As discussed above, the Court's July 11 Order had advised Plaintiff that requests for Court Orders must be made by Motions, not letters.

> of the summons to each of them as well.
>
> . . .
>
> So therefore your honor, allegedly, I already know the rest of the 4 defendants names will probably be stricken from my civil case although I truly rather for them not to be.

Docket No. 140 (emphasis added).

Shortly thereafter, the Clerk issued two Summonses, one to Defendant Champaco and one to Defendant Estes. Docket No. 141. That docket entry further states, "Issued Summons returned to pro se pltf this date[.]"

Plaintiff Tyree Smith wrote another letter to the undersigned dated September 26, 2014. Docket No. 145. That letter states in relevant part:

> On 9.26.14, approximately 4:20 p.m., I, Mr. Tyree Smith, spoke with my case manager ("Ms. Hannah") over the telephone about the "service" of the summonses and complaint that **I myself** was suppose to serve (as well) to the **defendants** regarding to my civil case.
>
> *Your honor, I swear to God almighty himself, on the blood of Jesus Christ, I did not actually know that **I myself** was suppose to serve the summonses and the complaint to the defendants . . .* (as well) when the clerk's office of the middle district federal court had returned the summonses and complaint back to me ("8.8.14") in the U.S. mail for me to serve them on my own to the defendants???
>
> **The "order" documentation letter that I'd received through the U.S. mail from you/the clerk's office on 7.15.14, I totally misunderstood the "order" documentation letter that you put into order sir on 7.11.14.**
>
> However, I truly apologize sir, it was an honest and innocent mistake.
>
> . . .
>
> Therefore, sir, I will like to request and file this written motion for an extension of time for me to have the summones and complaint served to defendant Frederick Estes and Jesse Champaco as soon

4

as possible.

Docket No. 145, p. 1 (boldface in original, italics added).

Thus, Plaintiff Smith's latest letter essentially states that he did not realize that he himself was responsible for serving Defendants. He states that he "totally misunderstood the 'Order' documentation letter" entered on July 11, 2014.

Relevant portions of the July 11, 2014, Order have been quoted above, as have relevant portions of Plaintiff's own letter dated May 19, 2014. The Court cannot accept Plaintiff's explanation that he did not understand he was responsible for serving Defendants himself. The Court explained that to him very plainly in the referenced Order, and gave him time limits in which to accomplish service. Moreover, Plaintiff Smith admitted in his letter dated May 19, 2014, that he knew, on May 12, 2014, that he himself "was to submit copies of summon to the defendants." Docket No. 114. Although he did have two Summonses issued, he simply failed to comply with the Court's Order regarding service. Even with regard to those two Summonses he never attempted to have them served, but returned them to the Clerk's Office asking that they be served by a "sheriff."[3]

This action was filed approximately ten months ago. Despite the July 11 Order, Plaintiff still has failed to serve any of the Defendants, but Plaintiff has not shown good cause for his failure. The Court previously ordered that service be made within a specified time, but it has not been. Pursuant to Rule 4(m) the Court "must dismiss the action without prejudice. . . ."

For the foregoing reasons, the undersigned recommends that Plaintiff Tyree Smith's

---

[3] The July 11 Order had advised Plaintiff Smith that the U.S. Marshal Service was not obligated to serve process because this is not an in forma pauperis case. Docket No. 121, p. 3 n.2.

claims against Defendants be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m) and 41(b).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge