# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TYREE SMITH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-01444 |
| ) | Judge Campbell/Knowles |
| CHAMPACO, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

For the reasons that follow, the undersigned recommends that the claims of Plaintiffs in this action against Defendants be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

On November 6, 2014, the undersigned entered an Order which stated in relevant part:

> This prisoner action was filed on December 23, 2013, by approximately ten then-current or former prisoners in the custody of the Tennessee Department of Correction, who were acting pro se. Plaintiffs sued six Defendants, all of whom are apparently corrections officers, or were at some time. Following the filing of the Complaint, Plaintiff Tyree Smith apparently attempted to assume the role of "Lead Plaintiff." In fact, Mr. Smith appears to be the only Plaintiff who has ever filed materials with the Court in this action.[1] None of the other Plaintiffs have taken an active role in prosecuting this action. In fact, most of the docket entries in this case reflect the fact that many of the Plaintiffs are no longer at their original facilities, have been paroled, or have died.

Docket No. 174, p. 1-2 (footnote omitted).

That Order noted that it did not appear that any of the other Plaintiffs had attempted to serve any of the Defendants, and it appeared that none of the Defendants had ever been served. Docket No. 174, p. 2. The Order further stated:

---

[1] An inmate by the name of James Wood did file some documents in this action, but the Court determined that he was not a Plaintiff. Docket No. 120.

> The Court hereby gives notice to the remaining Plaintiffs in this
> action that it is considering recommending that all the remaining
> Plaintiffs be dropped from this action. If any Plaintiff wishes to
> proceed with this action, he must notify the Court of his desire to
> do so, by an appropriate filing, on or before December 15, 2014. If
> any Plaintiff fails to comply with the instant Order, the undersigned
> will recommend that his claims be dismissed.

*Id.* at 2.

On March 30, 2015, the undersigned submitted a Report and Recommendation recommending that the claims of all Plaintiffs except Tyree Smith (whose claims had already been dismissed) be dismissed. Docket No. 222. That Report and Recommendation noted that none of the Plaintiffs other than Mr. Smith had responded to the Court's November 6, 2014 Order.

Apparently in response to the Report and Recommendation, on April 29, 2015, Plaintiff submitted a document headed "Complaint for Violation of Civil Rights Filed Pursuant to 42 U.S.C. § 1983." Docket No. 242.

Judge Campbell entered an Order on April 30, 2015 stating:

> In light of the Plaintiffs' Proposed Amended Complaint (Docket
> No. 242), the Report and Recommendation (Docket No. 222) is
> rejected, and this action is referred back to the Magistrate Judge for
> further case management and recommendations on any dispositive
> motions.

Docket No. 244.

The only filing since Judge Campbell's Order entered April 30, 2015, has been a "Motion for Extension of Time," filed by Plaintiff Tyree Smith on March 31, 2016. Docket No. 261. The body of that Motion stated in full:

> Regarding to the written letter that I received through the U.S. mail

> from the United States Supreme Court on 3.19.16., and according
> to Rule 13.5 as well, I, therefore, Mr. Tyree Smith is "Petitioning"
> for the Tennessee Middle District Federal Court to approve my
> written motion for "Extension of Time" to the United States
> Supreme Court that I's submitted to them to 2.22.16..
>
> My written motion to the United States Supreme Court that I'm
> speaking of is regarding to the proposed civil claim that I'd filed
> against the TDOC/Defendant Cpl. F. Estes, et al.
>
> I need another 60 days to finish preparing my appeal to the United
> States Supreme Court from the decision of the Court of Appeals in
> Cincinnati.
>
> **According to the United States Supreme Court, it is impossible
> for the United States Supreme Court to determine the
> timeliness of my application for an extension of time without
> the lower court opinions.**
>
> So, therefore, I have filed this written petition to the Tennessee
> Middle District Federal Court.

Docket No. 261.

The Court noted that Plaintiff had not enclosed any copies of any material with his Motion, nor was the Motion accompanied by a Memorandum of Law as required by Local Rule 7.01(a). Thus, the Court denied that Motion "without prejudice to the refiling of same, accompanied by the referenced documents" on April 18, 2016. Docket No. 262.

More than one year has passed since the filing of the Amended Complaint. As of the date of the entry of the instant Order, Plaintiff Tyree Smith has not refiled the referenced Motion, nor has he filed any other documents. The other Plaintiffs in this action (Ernest Fitzgerald, Bruce Matthews, David Moore, Charles Nelson, Courtney Stroggins, Michael Walker, and Marcus Wright) have not participated in this case except that they signed the Amended Complaint. A status check of the Tennessee Department of Correction Inmate Locator website,

https://apps.tn.gov/foil, indicates Marcus Wright, Charles Nelson, Courtney Stroggins, Michael Walker, Ernest Fitzgerald, and Tyree Smith have been released; David Moore is deceased. Bruce Matthews appears to be the only Plaintiff still incarcerated, but he has a release date of September 25, 2016.

Therefore, the undersigned recommends this action be DISMISSED in its entirety for failure to prosecute.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge